# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Jessica S. Allen, U.S.M.J. |
| | : | |
| v. | : | Magistrate No. 25-8008 |
| | : | |
| JASON SETERA | : | **CRIMINAL COMPLAINT** |

I, Jaclyn Duchene, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

Continued on the attached pages and made a part hereof.

/s/  Jaclyn Duchene
_____
Special Agent Jaclyn Duchene
Department of Homeland Security
Homeland Security Investigations

Special Agent Duchene attested to this Complaint by telephone pursuant to Fed. R. Crim. P. 4.1(b)(2)(A), on February 4, 2025.

/s/ Honorable Jessica S. Allen / JD
_____
Honorable Jessica S. Allen
United States Magistrate Judge

## **ATTACHMENT A**

## **COUNT ONE**

(Transportation of Child Pornography)

On or about January 22, 2024, in the District of New Jersey and elsewhere, the defendant,

## **JASON SETERA**,

knowingly mailed, transported, and shipped any child pornography, as defined in Title 18, United States Code, Section 2256(8), using any means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, by any means, including by computer.

In violation of Title 18, United States Code, Section 2252A(a)(1).

## COUNT TWO

(Possession of Child Pornography)

On or about January 22, 2024, in the District of New Jersey and elsewhere, the defendant,

**JASON SETERA**,

did knowingly possess and access with intent to view material that contained at least three images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

## ATTACHMENT B

I, Jaclyn Duchene, am a Special Agent with the Department of Homeland Security, Homeland Security Investigations. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with witnesses and other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and in part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On or about January 22, 2024, SETERA landed at Newark Liberty International Airport in Newark, New Jersey, aboard an inbound international flight from Narita, Japan. As SETERA was processing through U.S. Customs, officers from Customs and Border Protection ("CBP") retrieved from SETERA an iPhone 11 (the "SETERA iPhone"), pursuant to a lawful border search. As discussed in more detail below, law enforcement's review of the SETERA iPhone revealed that SETERA was in possession of images and videos depicting child pornography, and that the email address and phone number associated with the SETERA iPhone have been used to purchase child pornography.

2. The SETERA iPhone contained at least 8 video files and approximately 170 image files that appear to depict child pornography that had been transmitted in interstate commerce, namely through the internet, including the following files:

| File Name | Description |
| --- | --- |
| [Video-1] | This 43-second video depicts a female toddler exposing her genitals. The video also depicts an adult female guiding the female toddler's hand to manipulate her labia. |
| [Video-2] | This 1-minute, 6-second video depicts a pre-pubescent female exposing her genitals and penetrating her vagina with her fingers. The video also presents an adult female using her fingers to penetrate the anus of the pre-pubescent female. |
| [Video-3] | This 34-second video depicts two pre-pubescent females with their genitals exposed. One of the pre-pubescent females is depicted inserting her fingers into the other pre-pubescent female's vagina. |

3. Additionally, law enforcement discovered on the SETERA iPhone messages sent by SETERA purchasing child pornography using an encrypted messaging application ("Encrypted Application-1"). Specifically, on or about

September 7, 2022, SETERA messaged an individual, referenced herein as "Individual-1", that, in sum and substance, he would send Individual-1 money in exchange for a "good sexy video call" with her and her girls. In response, in sum and substance, Individual-1 provided SETERA with an email address for SETERA to send his payment via a mobile payment service provider (the "Payment Service Provider"). According to lawfully obtained financial records from the Payment Service Provider, on or about September 7, 2022, SETERA did in fact send approximately $143.47 to an account linked to the email address provided by Individual-1. In exchange, on or about that same date, Individual-1 sent SETERA video files and image files containing child pornography via Encrypted Application-1.

      4.    As part of the investigation, law enforcement executed a search warrant on an iCloud account controlled by SETERA (the "iCloud Account"). Subscriber information for the iCloud Account shows that the iCloud Account is in SETERA's name and the telephone number associated with the iCloud Account is the same as the number assigned to the SETERA iPhone. Law enforcement reviewed the files contained in the iCloud Account and discovered the same child pornography material found on the SETERA iPhone as well as additional videos and pictures of child pornography.

      5.    Based upon my education, training and experience, and my discussions with other law enforcement officers, and to the best of my knowledge, the child pornography files described in Paragraph 2 above traveled in interstate commerce and were produced using materials that were mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, the images were downloaded from and transmitted via the Internet.