**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JAYSON SETERA,<br><br>       *Defendant.* | Criminal Action No. 25-802<br><br>**OPINION & ORDER**<br><br>July 1, 2026 |

**SEMPER**, District Judge.

     **THIS MATTER** comes before this Court upon Defendant Jayson Setera's ("Defendant") filing of a Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29 ("Rule 29"). (ECF 60, "Motion" or "Mot.") The Government opposed Defendant's Motion. (ECF 65, "Opposition" or "Opp.") The Court has carefully considered the parties' submissions and decides this Motion without oral argument pursuant to Local Civil Rule 78.1, which is applicable to criminal cases under Local Criminal Rule 1.1. For the reasons set forth below, Defendant's Motion is **DENIED**.

     **WHEREAS** Defendant was charged with (1) the possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and 2 (Count I); and (2) the transportation of child pornography in violation of 18 U.S.C. §§ 2252A(a)(1) and 2 (Count II) in the Superseding Indictment, (ECF 47), and the jury returned a verdict of guilty on all counts on April 15, 2026, (ECF 57); and

1

**WHEREAS** Defendant previously moved via oral motion for a judgment of acquittal, which this Court denied, (Mot. at 1; ECF 62 at 168:14-172:10); and

**WHEREAS** pursuant to Rule 29(a), a court must grant a motion for acquittal for any offense "for which the evidence is insufficient to sustain a conviction," Fed. R. Crim. P. 29(a), and must be "particularly deferential" to the jury verdict. *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998). The Court "must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b). "[A] defendant who asserts that there was insufficient evidence to sustain a conviction shoulders 'a very heavy burden.'" *United States v. Tiangco*, 225 F. Supp. 3d. 274, 278-79 (D.N.J. 2016) (quoting *United States v. Anderson*, 108 F.3d 478, 481 (3d Cir. 1997)). "In ruling on a motion for judgment of acquittal, the District Court reviews the record 'in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt [] beyond a reasonable doubt based on the available evidence.'" *United States v. Ollie*, 624 F. App'x 807, 811 (3d Cir. 2015) (quoting *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005)).

**WHEREAS** Defendant asserts that the Government failed to present sufficient evidence for a reasonable jury to find beyond a reasonable doubt that he "**knowingly** possessed and transported child pornography upon entering the United States," (Mot. at 1. (emphasis in the original)); and

**WHEREAS** over the course of Defendant's two-day trial, the government introduced ample evidence to permit a jury to find him guilty of each count charged against him, including evidence that (1) Defendant carried the phone containing child pornography off an international flight; (2) the phone was registered to Defendant's name and email address, (3) the phone contained references to accounts registered to Defendant's name and email address, (4) the phone

contained images of child pornography, and (5) the phone contained chats about child pornography in which other participants referred to Defendant by name.  (Opp. at 3.)

**IT IS** on this 1st day of July 2026,

**ORDERED** that Defendant's Motion for Judgment of Acquittal (ECF 60) is **DENIED**; and it is further

**ORERED** that the jury's verdict is **AFFIRMED**.

/s/  Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

3